IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK BOND,** *Plaintiff,* v. **GEICO,** *Defendant.* | Case No. 2:21-cv-02966-JDW |

## MEMORANDUM

Legal theories alone are not enough to sustain litigation. A plaintiff must also plead factual allegations to support his legal theories. That's where Mark Bond's claims fall short. He asserts that Geico failed to pay him under his auto insurance policy and asserts breach of contract, bad faith, and intentional infliction of emotional distress claims. But he does not explain what Geico did or how it breached its contractual obligations. The Court will therefore dismiss Mr. Bond's Complaint and give Mr. Bond another chance to plead a viable claim.

### I. BACKGROUND

#### A. The Accident And The Claim

Mr. Bond appears to have been in a car accident from which he suffered a number of injuries. He filed a claim with Geico for underinsured motorist coverage. When Mr. Bond filed his initial claim, Geico "tried to deny [his] claim." (ECF 1 at p. 16.) Geico's representative offered Mr. Bond $10,000 for the claim, which Mr. Bond refused. Mr. Bond hired an attorney who "gave [the Geico representative] the same" paperwork that Mr. Bond had given to Geico's claims representative. Geico then paid Mr. Bond, through his attorney, $50,000. As best the Court can tell, Mr. Bond's attorneys either intend to withhold or have withheld a portion of that payment as a contingency fee. Mr. Bond now says that he is firing his attorney.

### B. Procedural History

On May 5, 2021, Mr. Bond brought this action in the Court of Common Pleas of Philadelphia. He asserted claims against Geico for breach of contract, bad faith, and intentional infliction of emotional distress. Geico removed the case to this Court on diversity grounds. On July 9, 2021 Geico filed this motion to dismiss. Mr. Bond is proceeding *pro se*.

## II. LEGAL STANDARD

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* First, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790. A court must construe a document filed *pro se* liberally and "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted).

In deciding a motion to dismiss, the Court may "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss, . . . if that document is

integral to or explicitly relied upon in the complaint. *Kortyna v. Lafayette Coll.*, 726 F. App'x 934, 937 (3d Cir. 2018) citing (*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)) (internal quotations omitted). Geico has provided a copy of the insurance policy that it issued to Mr. Bond, and Mr. Bond does not dispute its authenticity.

### III.   DISCUSSION

#### A.   Breach Of Contract

Mr. Bond's complaint appears to state a breach of contract claim. Acknowledging that Geico paid him (via his prior attorney) $50,000, Mr. Bond argues that Geico owes him additional money. Geico argues $50,000 is the policy limit, and Mr. Bond seems to think it is $1 million. Mr. Bond has not identified a policy provision that might support his theory. Without some factual basis for his claim, Mr. Bond cannot prevail. But the Court has not tried to parse the entire policy. If Mr. Bond has a basis to point to a specific policy provision that entitles him to relief, he can identify it in an amended complaint.

#### B.   Bad Faith

Mr. Bond appears to assert that Geico acted in bad faith in not paying him more money and in not paying him sooner. Under Pennsylvania law, a cause of action may be brought by insured parties against their insurer for bad faith. *See* 42 Pa. Cons. Stat. § 8371. Bad faith is defined as "any frivolous or unfounded refusal to pay proceeds of a policy." *Burrell v. United Healthcare Ins. Co.*, No. CIV. A. 00-4697, 2001 WL 873221, at *1 (E.D. Pa. July 30, 2001) (citing *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct.1994)). To prevail under the bad faith statute, "the insured must show that the insurer did not have a reasonable basis for denying benefits under the policy and that the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim." *Rancosky v. Wash Nat'l. Ins. Co.*, 170 A.3d 364, 365 (Pa.

2017). An insurer need not engage in fraud to be subject to the statute; however, "mere negligence or bad judgment is not bad faith. The insured must also show that the insurer breached a known duty (i.e., the duty of good faith and fair dealing) through a motive of self-interest or ill will." *Miezejewski v. Infinity Auto Ins. Co.*, 609 F. App'x 69, 71–72 (3d Cir. 2015) (citation omitted).

Mr. Bond appears to allege that the delay in Geico's payment and its final payment value constituted bad faith. According to the Complaint, Geico first "tried to deny [Mr. Bond's] claim," then offered $10,000, and then paid Mr. Bond $50,000 via his prior counsel. (ECF No. 1 at pp. 16–17.) Mr. Bond has not alleged facts from which the Court can determine that Geico acted without a reasonable basis in the timing or amount of payment. Mr. Bond has not explained when the accident occurred, when he filed a claim, what he provided Geico at each stage of the process, and when Geico's subsequent offers were made. He also provides no facts about the underlying accident. His mere claim that Geico offered less money and then more money is insufficient to state a claim for bad faith.

    **C.**     **Emotional Distress**

Finally, Mr. Bond appears to assert a claim for intentional infliction of emotional distress. To state a claim for IIED, the plaintiff must allege "intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff. In addition, a plaintiff must suffer some type of resulting physical harm due to the defendant's outrageous conduct." *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005) (internal quotations omitted). To rise to an actionable level, the conduct must be "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Id.* at 1230 (same). "[I]t is for the court to determine in the first instance whether

4

the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." *Id.* at 1231 (same).

Mr. Bond has not alleged any facts suggesting that Geico's conduct was extreme or outrageous. Nor has he alleged any facts to indicate that he suffered physical harm as a result of Geico's conduct. Instead, he just complains of physical injuries from the underlying accident. That is not enough.

### IV. CONCLUSION

The Court will dismiss Mr. Bond's Complaint. The Court will give Mr. Bond leave to file an amended complaint in the event that he can state a plausible basis for a claim. Any such amended complaint must take account of and be consistent with this decision. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

October 25, 2021