IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BOND,<br><br>   *Plaintiff,*<br> v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>   *Defendant.* | Case No. 2:21-cv-02966 |

MEMORANDUM

*Pro se* Plaintiff Mark Bond asserts claims against Geico for breach of contract and bad faith. Mr. Bond's claims fail for two reasons. *First*, Mr. Bond has not filed a timely response to Geico's motion, despite the Court's warning that failure to do so will result in dismissal of his claims. *Second*, Mr. Bond pleads only contradictory legal theories, which are insufficient to state a claim. The flaws in Mr. Bond's Amended Complaint are not fixable; therefore, the Court will dismiss his claims with prejudice.

I. BACKGROUND

 A. The Accident And The Claim

Mr. Bond sustained injuries in a car accident. He filed a claim with Geico for underinsured motorist coverage. Geico offered Mr. Bond $10,000, which he refused. Mr. Bond retained counsel, and he ultimately received a $50,000 settlement from Geico. Geico mailed the payment to Mr. Bond's lawyer. Pursuant to his fee agreement, Mr. Bond paid various costs, and he satisfied a lien to the Department of Human Services. Mr. Bond received a net recovery of $28,176.32. He then fired his attorney.

### B. Procedural History

On May 5, 2021, Mr. Bond, proceeding *pro se*, filed this case in the Philadelphia Court of Common Pleas. Geico removed the case to this Court. On July 9, 2021, Geico filed a motion to dismiss. The Court dismissed Mr. Bond's complaint without prejudice. On October 17, 2021, Mr. Bond filed what appears to be an amended complaint. Geico again moved to dismiss for failure to state a claim. Mr. Bond has not filed a response, and the time to do so has passed.

## II. LEGAL STANDARD

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id. First*, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. *Second*, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id. Third*, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790. A court must construe a document filed *pro se* liberally and "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted).

### III.   DISCUSSION

#### A.   Failure To Respond To Motion

Local Civil Rule 7.1(c) requires response to motions within fourteen days after filing. *See* Local R. Civ. P. 7.1. If no timely response is filed, the district court may grant the motion as uncontested. *See id.* When Geico filed its first Motion to Dismiss, the Court warned Mr. Bond about the requirements of Rule 7.1(c) and cautioned him that "[f]ailure to respond will result in the Court granting Geico's Motion as uncontested …." (ECF No. 5.) So even though he's proceeding *pro se*, Mr. Bond cannot claim to have been unaware of Rule 7.1(c)'s requirements. Yet Mr. Bond still failed to file an opposition. In light of the Court's prior instruction, it may dismiss Mr. Bond's claims without addressing their merits. *See Jones v. Unemployment Comp. Bd. of Rev.*, 381 F. App'x 187, 189 (3d Cir. 2010); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir.1991). On that basis alone, the Court can and will dismiss the Amended Complaint. Yet as explained below, a review of the merits demonstrates that Mr. Bond's claims are not plausible.

#### B.   Failure To State A Claim

##### 1.   Breach of contract

Mr. Bond appears to assert a breach of contract claim against Geico. According to Mr. Bond, "[i]If the policy is $50,000[,] [Geico] should pay the $50,000." (ECF No. 12 at 2.) But Mr. Bond concedes that Geico paid him (via his prior counsel) $50,000. He acknowledges that he received his portion of the settlement, and he does not dispute the validity of his fee agreement with his counsel. Nothing in the Amended Complaint suggests amounts to a plausible allegation that Geico breached any policy that it issued to Mr. Bond.

2.  **Bad Faith**

Mr. Bond appears to claim that Geico acted in bad faith in their handling of his insurance claim. Under Pennsylvania law, a cause of action may be brought by insured parties against their insurer for bad faith. *See* 42 Pa. Cons. Stat. § 8371. Bad faith is defined as "any frivolous or unfounded refusal to pay proceeds of a policy." *Burrell v. United Healthcare Ins. Co.*, No. CIV. A. 00-4697, 2001 WL 873221, at *1 (E.D. Pa. July 30, 2001) (citing *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). To prevail under the bad faith statute, "the insured must show that the insurer did not have a reasonable basis for denying benefits under the policy and that the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim." *Rancosky v. Wash Nat'l. Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). An insurer need not engage in fraud to be subject to the statute; however, "mere negligence or bad judgment is not bad faith. The insured must also show that the insurer breached a known duty (i.e., the duty of good faith and fair dealing) through a motive of self-interest or ill will." *Miezejewski v. Infinity Auto Ins. Co.*, 609 F. App'x 69, 71–72 (3d Cir. 2015) (citation omitted).

Mr. Bond asserts that Geico had initially offered him $10,000 so it could use "the other $40,000 [to] stick it in [its] pocket." (ECF No. 12 at 2.) But Geico paid him the full $50,000. Mr. Bond offers no facts to support his assertion that Geico's alleged delay in payment was unreasonable. He provides no timeline for when the accident occurred, when the claim was filed, when Geico offered him the insufficient amount(s), or Geico's stated reasons for doing so. His bald assertion that Geico took too long is not enough.

## IV. CONCLUSION

Mr. Bond has not responded to Geico's motion, and he has not stated a plausible basis for a claim. Accordingly, the Court will grant Geico's motion and dismiss this case. Because Mr. Bond has had opportunities to cure the pleading failures, and because the exhibits to his Amended Complaint suggest that he cannot cure the flaws in his claim, the Court will do so with prejudice. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

Date: March 4, 2022